UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:19-cr-425T-35 AEP
     18 U.S.C. § 1347
MARCUS LLOYD ANDERSON   18 U.S.C. § 1028A
     18 U.S.C. § 982(a)(7)

INDICTMENT

The Grand Jury charges:

## COUNTS ONE THROUGH SEVEN
(Health Care Fraud, 18 U.S.C. § 1347)

### A. Introduction

At times material to this Indictment:

1. MARCUS LLOYD ANDERSON, who resided in Pinellas County, Florida, established and managed Tampa Bay Behavioral Health Centers LLC ("TBBHC"). ANDERSON was TBBHC's Chief Executive Officer and owner.

2. TBBHC was a treatment facility that offered counseling services in Pinellas County, Florida. In or about October 2012, ANDERSON caused the enrollment of TBBHC in the Medicaid program.

3. The Medicaid program ("Medicaid") was a cooperative federal-state health care benefit program that enabled states to furnish necessary medical items and services to certain recipients who were unable to afford the costs of the items and services.

4. The federal government reimbursed each state for a portion of that state's Medicaid expenditures based on a formula tied to the per capita income of the state. The federal share of Medicaid expenditures varied from state to state.

5. The Centers for Medicare and Medicaid Services ("CMS") was an agency of the United States Department of Health and Human Services ("HHS"), and was the federal governmental body responsible for administering the Medicaid program.

6. For Medicaid, CMS, in turn, authorized each state to establish a state agency to administer the Medicaid program component in that state. In Florida, the Medicaid program was administered by the Agency for Health Care Administration ("AHCA") which, among other responsibilities, funded and had oversight responsibility for Florida Medicaid managed care organizations ("MCOs"), including Florida Medicaid health maintenance organizations ("HMOs"), such as Simply Healthcare Plans, Inc. (doing business as AmeriGroup Florida) and WellCare of Florida, Inc. (doing

business as Staywell Health Plan of Florida). Pursuant to its oversight responsibilities, AHCA periodically required Florida Medicaid MCOs to submit encounter data reflecting the detail associated with claims submitted by providers to the MCOs.

7. To process provider claims, Florida Medicaid and Florida Medicaid HMOs relied on unique identifiers to identify the individual providers who purportedly rendered services. These unique identifiers included National Provider Identifiers ("NPI") (which CMS assigned to providers), Medicaid provider identification numbers ("Medicaid Provider IDs"), and others means of identification.

8. ANDERSON employed or contracted with providers, including psychiatrists and mental-health counselors, to render services, including counseling, to Medicaid recipients at TBBHC. The providers included the individuals listed below:

 a. Dr. M.A. was a psychiatrist licensed to practice in Florida, who began working at TBBHC in or about late 2014. He left TBBHC in or about April 2015. Dr. M.A's NPI was 1013098169; his Medicaid Provider ID was 001476800.

 b. J.K. was a Licensed Mental Health Counselor ("LMHC") licensed to practice in Florida, who began working at TBBHC in or about

3

November 2014. He left TBBHC in or about June 2015. J.K's NPI was 1386048031; his Medicaid Provider ID was 013596900.

    c.    Dr. H.C. was a psychiatrist licensed to practice in Florida, who began working at TBBHC in or about February 2015. He left TBBHC in or about June 2017. Dr. H.C.'s NPI was 1831272046; his Medicaid Provider ID was 039609500.

9.    ANDERSON was not licensed to practice medicine or to provide counseling in Florida.

### B. The Scheme and Artifice

10.    Beginning in or about May 2015, and continuing until in or about April 2018, in the Middle District of Florida and elsewhere, the defendant,

MARCUS LLOYD ANDERSON,

did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud a health care benefit program and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, a health care benefit program, that is, the Florida Medicaid program and its Florida Medicaid HMOs, in connection with the delivery of and payment for health care benefits, items, and services.

### C. Manner and Means

11. The manner and means by which the defendant sought to accomplish the scheme and artifice included, among others, the following:

    a. It was part of the scheme and artifice that ANDERSON would and did own and operate TBBHC as a purported treatment facility offering mental-health counseling and related services;

    b. It was further a part of the scheme and artifice that TBBHC, ANDERSON, and others working under ANDERSON's direction would and did collect NPIs and Medicaid Provider IDs from treating providers—including Dr. M.A., Dr. H.C., and LMHC J.K.—during their respective tenures at TBBHC;

    c. It was further a part of the scheme and artifice that TBBHC, ANDERSON, and others working under ANDERSON's direction would and did collect Medicaid recipient information from individuals during and in connection with their treatment at TBBHC;

    d. It was further a part of the scheme and artifice that, in the course of operating TBBHC, ANDERSON, aided and abetted by others, would and did use without authorization, or caused the unauthorized use of, the NPIs and/or Medicaid Provider IDs for treating providers (including Dr. M.A., Dr. H.C., and LMHC J.K.), even after they had left TBBHC.

e. It was further a part of the scheme and artifice that, in the course of operating TBBHC, ANDERSON, aided and abetted by others, would and did use without authorization, or caused the unauthorized use of, the Medicaid recipient information for patients, even when they were not receiving treatment or services from TBBHC.

f. It was further a part of the scheme and artifice that ANDERSON, aided and abetted by others, would and did make and present, and caused to be made and presented, claims and claims information to Florida Medicaid and its Florida Medicaid HMOs (including AmeriGroup Florida and Staywell Health Plan of Florida), knowing such claims to be false and fraudulent in one or more aspects, including:

i. the claim falsely and fraudulently listed Dr. M.A., Dr. H.C., or LMHC J.K. as the provider who rendered the relevant service(s);

ii. the claim falsely and fraudulently included the NPIs and Medicaid Provider IDs for Dr. M.A., Dr. H.C., or LMHC J.K.; and/or

iii. the claim falsely and fraudulently asserted that recipients (including K.G., D.B., S.D., J.N., S.J., M.L., and R.A.) had received services at TBBHC on the purported dates of service;

g. It was further a part of the scheme and artifice that ANDERSON would and did perform acts and make statements, and would and did direct others to perform acts and make statements, to hide and conceal the scheme and artifice and the acts committed in furtherance thereof.

### D. Execution of the Scheme and Artifice

12. On or about the dates specified below in Counts One through Seven, in the Middle District of Florida and elsewhere, the defendant,

MARCUS LLOYD ANDERSON,

for the purpose of executing the aforementioned scheme and artifice, and attempting to do so, knowingly and willfully caused each of the false and fraudulent claims to be submitted to Florida Medicaid or a Florida Medicaid HMO for payment with program funds, as further detailed below:

| Count | On or About Date of Service | Purported Provider | NPI | Medicaid Provider ID | Purported Recipient |
|---|---|---|---|---|---|
| ONE | April 13, 2016 | M.A. | 1013098169 | 001476800 | D.B. |
| TWO | April 20, 2016 | M.A. | 1013098169 | 001476800 | I.B. |
| THREE | February 1, 2016 | J.K. | 1386048031 | 013596900 | S.D. |
| FOUR | January 12, 2016 | J.K. | 1386048031 | 013596900 | J.N. |
| FIVE | January 8, 2018 | H.C. | 1831272046 | 039609500 | S.J. |
| SIX | January 15, 2018 | H.C. | 1831272046 | 039609500 | M.L. |
| SEVEN | February 24, 2016 | H.C. | 1831272046 | 039609500 | R.A. |

All in violation of 18 U.S.C. §§ 1347 and 2.

## COUNTS EIGHT THROUGH THIRTEEN
### (Aggravated Identity Theft, 18 U.S.C. § 1028A)

13. On or about the dates specified below in Counts Eight through Thirteen, in the Middle District of Florida and elsewhere, the defendant,

MARCUS LLOYD ANDERSON,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, specifically, the provider names, NPIs, and Medicaid Provider IDs as set forth below, during and in relation to a felony violation of health care fraud, in violation of 18 U.S.C. § 1347, knowing that such means of identification belonged to actual persons:

| Count | On or About Date of Service | Purported Provider | NPI | Medicaid Provider ID | Purported Recipient |
|---|---|---|---|---|---|
| EIGHT | April 13, 2016 | M.A. | 1013098169 | 001476800 | D.B. |
| NINE | April 20, 2016 | M.A. | 1013098169 | 001476800 | I.B. |
| TEN | February 1, 2016 | J.K. | 1386048031 | 013596900 | S.D. |
| ELEVEN | January 12, 2016 | J.K. | 1386048031 | 013596900 | J.N. |
| TWELVE | January 8, 2018 | H.C. | 1831272046 | 039609500 | S.J. |
| THIRTEEN | January 15, 2018 | H.C. | 1831272046 | 039609500 | M.L. |

All in violation of 18 U.S.C. §§ 1028A and 2.

## FORFEITURE

14. The allegations contained in Counts One through Seven of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of 18 U.S.C. § 982(a)(7).

15. Upon conviction of any or all of the violations alleged in Counts One through Seven, the defendant shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(7), and 28 U.S.C. § 2461(c), any and all property, real or personal which constitutes or is derived from proceeds traceable to one or more of the violations.

16. The property to be forfeited includes, but is not limited to, at least $1,274,536.25, which represents the proceeds obtained by the defendant as a result of the offenses.

17. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Kristen A. Fiore
Assistant United States Attorney

By: _____
Jay G. Trezevant
Assistant United States Attorney
Chief, Economic Crimes Section

FORM OBD-34
September 19

No.

**UNITED STATES DISTRICT COURT**
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

Marcus Lloyd Anderson

**INDICTMENT**

Violations: 18 U.S.C. § 1347
18 U.S.C. § 1028A
18 U.S.C. § 982(a)(7)

A true bill,

_____
Foreperson

Filed in open court this 24th day
of September 2019.

_____
Clerk

Bail $_____