UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                             CASE NO. 8:19-cr-425-MSS-AEP

MARCUS LLOYD ANDERSON

### UNITED STATES' SENTENCING MEMORANDUM

The United States of America files this sentencing memorandum pursuant to the Court's Order dated March 12, 2021, Doc. 76, stating in support as follows:

On April 19, 2018, fire rescue and local officers responded to the 300 block of 15th Street North of Saint Petersburg, Florida. There, Marcus Anderson operated two residential living facilities housing vulnerable people. These vulnerable people—like M.L., S.J., and others—were afflicted by mental illness, addiction, and other disorders. They relied on Anderson for care, shelter, and access to services. These vulnerable people, responders realized, were living in conditions unfit for human habitation:

 

Anderson's egregious lack of care and responsibility for these vulnerable residents attracted media attention, which shone light on the plight they and their families had been experiencing for months. *See, e.g.*, https:// www.wfla.com/8-on-your-side/investigations/st-pete-slumlord-exploited-mentally-ill-tenants-family-members-claim (last accessed June 8, 2021). On the scene, fire rescue was reported to have agreed that the living conditions at Anderson's homes were "not fit for an animal." *See* "Two Homes Shut Down" feature, available at https://www.wfla.com/news/pinellas-county/2-st-pete-assisted-living-facilities-shut-down-after-residents-found-in-deplorable-conditions/1130052258 (last accessed June 8, 2021). Photos gathered from Anderson's homes reflected precisely that:







No running water, a lack of refrigeration, exposure to the elements, bedbugs, and squalor. That was the environment in which these vulnerable residents devolved for months until family members and responders rescued them. As victim and resident M.L. (now deceased) had reported to the media, he wrapped his head in a towel to

3

shield his face and orifices from bedbugs. *See* https:// www.wfla.com/8-on-your-side/investigations/st-pete-slumlord-exploited-mentally-ill-tenants-family-members-claim (last accessed June 8, 2021).

These vulnerable residents were some of the same beneficiaries not receiving care at Anderson's treatment facility Tampa Bay Behavioral Health Centers LLC ("TBBHC"). *See* Doc. 38 (Plea Agreement) at 21 (referencing S.J. and M.L. within table). For example, through TBBHC, Anderson falsely and fraudulently billed services for M.L., Doc. 38 at 19 who, during his entire adult life, had suffered from debilitating mental illness. According to TBBHC's false and fraudulent claims, M.L. had supposedly received group therapy services from Dr. H.C. between January and March 2018. *Id.* By then, however, Dr. H.C. had long left TBBHC. *Id.* M.L. not only denied having received such services in that time frame, third-party hospital records confirmed it. *Id.* During the fraudulently billed period, M.L. had been hospitalized in Largo, Florida, then discharged to a different residential living facility. *Id.* There was no way M.L. had received any care from TBBHC during that period.

This fraudulent billing tactic became a long-standing practice for TBBHC as Anderson had resorted to fraud to grapple with self-created financial hardships. In Anderson's own words, he had gotten "in over his head," Doc. 60 at ¶ 38, particularly during a period when he was investing and expanding his night club operations in Tampa Bay, *id.* at ¶ 90. During the charged period, Anderson had

invested in multiple clubs, including "Chocolate City" (Tampa, FL), "The Sugar Room" (St. Petersburg, Florida), and the "Ultra Lounge" (St. Petersburg, Florida). *Id.* Keeping these investments afloat meant sacrificing the welfare of vulnerable patients and residents. The Court should assign heavy weight to this motivation, along with the resulting and unfortunate effects on such a vulnerable population, as she considers the § 3553 factors in fashioning a sentence in this case.

WHEREFORE, the United States respectfully asks this honorable Court to impose a Guidelines range sentence for imprisonment and fine, with an appropriate period of post-incarceration supervised release.

Respectfully submitted,

KARIN HOPPMANN
Acting United States Attorney

By: */s/ Kristen A. Fiore*
KRISTEN A. FIORE
Assistant United States Attorney
United States Attorney No. 178
400 North Tampa Street, Ste. 3200
Tampa, Florida 33602
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-Mail: kristen.fiore@usdoj.gov

U.S. v. Marcus Lloyd Anderson                Case No. 8:19-cr-425-MSS-AEP

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record:

    Jay A. Hebert, Esquire

                                                             /s/ *Kristen A. Fiore*
                                                             KRISTEN A. FIORE
                                                             Assistant United States Attorney
                                                             United States Attorney No. 178
                                                             400 North Tampa Street, Ste. 3200
                                                             Tampa, Florida 33602
                                                            Telephone: (813) 274-6000
                                                           Facsimile: (813) 274-6358
                                                           E-Mail: kristen.fiore@usdoj.gov